**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW UNDERWOOD,<br><br>Plaintiff,<br><br>v.<br><br>CRYSTAL CITY POLICE DEPT.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-00401-SEP |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Andrew Underwood's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2]. For the reasons set forth below, the Court assesses an initial partial filing fee of $65.49 and dismisses the action without prejudice.

**28 U.S.C. § 1915(B)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. District courts "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee" of 20% of the greater of the average monthly deposits to the prisoner's account and the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff is a prisoner at Jefferson County Jail in Hillsboro, Missouri. Doc. [1] at 2. In support of his Application, Plaintiff submitted an inmate account statement showing average monthly deposits of $327.47. Doc. [5]. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and assesses an initial partial filing fee of $65.49. *See* 28 U.S.C. § 1915(b)(1).

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff is currently confined in the Jefferson County Jail in Hillsboro, Missouri. Doc. [1] at 2. The allegations in his Complaint relate to an incident that occurred in Crystal City, Missouri, on the night of December 25, 2025. *Id*. at 6. Plaintiff was in a field near the north side

of Walmart in Crystal City, Missouri, when he found a hatchet. *Id.* He states that he was camping near Walmart, so he kept the hatchet in case he needed it to chop firewood. *Id.*

When Plaintiff walked across the Walmart parking lot with the hatchet, he heard a voice behind him say, "Drop it or I'll blow your head off." Doc. [1] at 6. Plaintiff did not immediately drop the hatchet but instead turned to look behind him and saw Officer Ellington of the Crystal City Police Department aiming a gun at him. *Id.* Ellington repeated the command to drop the hatchet. *Id.* Plaintiff set the hatchet down but remained standing. *Id.* Ellington placed the gun in his holster, withdrew his taser, and tased Plaintiff in his lower right buttocks. *Id.*

Plaintiff alleges that Ellington and his fellow officer, Haynes, jumped on him, causing Plaintiff's head to hit the concrete. *Id*. at 7. He asserts that Officer Ellington told him to place his hands behind his back while sitting on him and "beating on [him]." *Id*. After placing Plaintiff in the patrol car, Ellington told him, "I should of [sic] blown your head off." *Id*.

Plaintiff names Crystal City Police Department as the sole Defendant in this action. Doc. [1] at 2. He asserts claims against the Police Department for false imprisonment, excessive force, brutality, "false statements on a police report," "omitting facts on a police report," defamation of character, and profiling by an officer. Doc. [1] at 4, 9. Plaintiff claims that the police report made by Officers Ellington and Haynes regarding the incident on December 25, 2025, was fabricated to cover the officers' wrongful actions. *Id.* at 7. Additionally, Plaintiff asserts that the Defendant officers have refused to provide him with body cam or dash cam footage from the altercation. *Id.* at 8.

Plaintiff seeks both compensatory and punitive damages from Defendants. Doc. [1] at 5. He also seeks "investigation" into the Crystal City Police Department. *Id*.

## STATE COURT ACTION

After Plaintiff's arrest on December 25, 2025, a criminal complaint was filed charging him with assault in the first degree – special victim, armed criminal action, and felony resisting arrest. *See State v. Underwood*, No. 25JE-CR03074 (23rd Jud. Cir., Jefferson County). Plaintiff was charged as a prior and persistent offender. *Id*. Plaintiff was denied bond due to his prior criminal history and the status of the victim. *Id.* At the time of the offense, he was on parole for attempted assault in the second degree – special victim in Jefferson County Circuit Court. *Id.* He was also on felony state supervised probation in Jefferson County Circuit Court. *Id*.

The probable cause statement accompanying the criminal complaint filed by Patrolman T. Reed on December 10, 2025, stated that Underwood lunged at Reed, attempted to strike him with a hatchet, and physically fought and resisted both Reed and another officer before they subdued him with a taser. *Id*.

Plaintiff waived his preliminary hearing on May 27, 2026. *See State v. Underwood*, No. 25JE-CR03074-01 (23rd Jud. Cir., Jefferson County). The case is currently set for trial on November 2, 2026. *Id*.

**DISCUSSION**

Because Plaintiff is proceeding *in forma pauperis*, the Court has reviewed his Complaint under 28 U.S.C. § 1915. Based on that review, the Court dismisses Plaintiff's Complaint.

Plaintiff names only one Defendant in this action – the Crystal City Police Department. The Crystal City Police Department is not a legal entity amenable to suit, so Plaintiff's claims against it must be dismissed. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) ("departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail,* 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

If Plaintiff is attempting to assert a *Monell* violation against Crystal City, that too fails, as he has not alleged an unconstitutional policy or custom, and a political subdivision cannot be held vicariously liable under 42 U.S.C. § 1983 for the unconstitutional acts of its employees. *See Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). A political subdivision may be held liable under § 1983 only if a constitutional violation resulted from an official policy or custom or a deliberately indifferent failure to train or supervise, and Plaintiff has alleged nothing of the sort. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

To the extent Plaintiff may be attempting to assert Missouri state law claims against the Crystal City Police Department or other unnamed Defendants, the Court declines to exercise jurisdiction over those claims. *See* 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $65.49 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that an appeal of this Order would not be taken in good faith. An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of October, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE